UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROY FRIAS** | : | **DOCKET NO. 2:22-cv-1396** |
| REG. # 41625-480 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **S. MA'AT** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus [doc. 1] filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Roy Frias. Frias is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

For the reasons stated below, **IT IS RECOMMENDED** that the action be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Petitioner pled guilty in the Western District of Texas to Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 and § 841(a)(1), involving alleged drug quantities of 500 grams or more of methamphetamine, 5 kilograms or more of cocaine and 1 kilogram or more of heroin. Doc. 1, p. 10. On July 1, 2020,

he was sentenced to a term of imprisonment of 132 months. *USA v. Frias,* 5:17-cr-391 (W.D. Tex, July 2, 2020).

On June 22, 2021, petitioner submitted a Request for Administrative Remedy (BP-9) to the Warden. Doc. 1, att. 2, p. 6. In that grievance, petitioner requested the removal of the Public Safety Factor (PSF) for Greatest Severity, arguing that he was a "minor roll (sic) member who trafficked in small quantities of drugs," and requested reassignment to camp. *Id*. On July 9, 2021, the Warden rejected petitioner's grievance, as the offense for which petitioner was convicted falls into the "Greatest Severity range as [he] and others were responsible for the distribution of commercial quantities of heroin in and around the San Antonio and Bexas County Texas areas." *Id*. at p. 5.

Petitioner appealed this decision to the Regional Administrator on July 19, 2021, and to the Central Office on October 25, 2021. Doc. 1, att. 2, pp. 4, 2. Both appeals were rejected finding insufficient information to remove or alter the public safety factor. *Id*. at pp. 3, 1.

Petitioner then filed the instant petition.

## II.
### LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut*

*v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Habeas or Civil Rights*

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241 which provides that a writ of habeas corpus is available only if the prisoner demonstrates that he is ". . . in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c) (3). He argues that the BOP erroneously designated his offense severity as the Greatest Severity Level, making him ineligible for a transfer to federal prison camp. Doc. 1, p. 6.

Petitioner can utilize habeas corpus proceedings only if he is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 93 S.Ct. 1827, 1833 (1973); *see also Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987). Here, petitioner does not appear to attack the duration of his confinement, but rather, the conditions of his confinement based upon his prisoner classification.

Attacks on conditions of confinement are not cognizable in a habeas petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement."). Put another way, if "a favorable determination … would not automatically entitle [the prisoner] to accelerated release" he may not utilize habeas corpus procedures and must instead vindicate his rights through a properly filed civil rights proceeding. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997), *quoting Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*,

116 S. Ct. 736 (1996). Petitioner's claim herein which attacks his prisoner classification appears to contest the conditions under which he is confined rather than the fact or duration of his confinement. Since petitioner has not alleged that success in this proceeding would entitle him to accelerated release, he is not entitled to relief pursuant to 28 U.S.C. § 2241.

Since petitioner's prisoner classification, in itself, has apparently had no effect on the duration of his confinement he is not entitled to habeas relief. *Compare Dixon v. Hastings*, 202 Fed. Appx. 750 (5th Cir. 2006)(unpublished). Instead, a civil rights action may be the appropriate vehicle to attack these allegedly unconstitutional conditions of confinement. *Johnson v. Pfeiffer,* 821 F.2d 1120, 1123 (5th Cir.1987); *Preiser*, 93 S.Ct. at 1840-41.

## C. *Liberty Interest*

Even if petitioner could somehow show that he would be entitled to a speedier release from custody should he prevail on this claim, he is still not entitled to habeas relief unless and until he demonstrates that his custody violates the Constitution or laws of the United States.

The BOP's classification procedures are within the discretion of the Attorney General as delegated to the Director of the BOP. See 18 U.S.C. § 4081; 28 C.F.R. § 0.96; *see also Bell v. Wolfish*, 99 S.Ct. 1861 (1979). Inmates generally have no due process liberty interest in their prisoner classification. *See e.g. Moody v. Daggett*, 97 S.Ct. 274 (1976) ("Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); *Sandin v. Conner*, 115 S.Ct. 2293 (1995) (due process does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner, but rather those changes that impose atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life); *Meachum v. Fano*, 96 S.Ct. 2532 (1976), In other words, a BOP

inmate lacks any constitutional interest in his custodial classification, and his disagreement with his classification is insufficient to establish that his custody violates the Constitution. *Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir.1992).

Petitioner has not shown through his petition or exhibits, any Constitutional or federal statutory violation with respect to the BOP's reliance upon the information contained in his PSR and their classification of him as greatest severity level public safety factor or otherwise. The burden of persuasion is upon petitioner to provide information to support his claim. Petitioner has not carried his burden of establishing that his custody is in violation of the Constitution and laws of the United States.

### III.
#### CONCLUSION

For the reasons stated above, Frias' petition for writ of habeas corpus under 28 U.S.C. § 2241 should denied.

Accordingly, **IT IS RECOMMENDED** that the instant petition be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-6-

THUS DONE AND SIGNED in Chambers this 7th day of September, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE